# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00343-CR

**James Dwayne Hoisanger, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 39,332, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant James Dwayne Hoisanger, an inmate proceeding pro se, has filed a notice of appeal from the district court's order denying Hoisanger's motion for DNA testing. Hoisanger has also filed an affidavit of indigence, which was included with his notice of appeal. On June 29, 2016, this Court notified the district clerk that the clerk's record was overdue and requested that the record be filed no later than July 11, 2016. On July 5, 2016, this Court received notice from the district clerk that Hoisanger had not requested the clerk's record and that "no payment has been tendered." This Court then requested that Hoisanger submit a status report regarding the appeal or that a hearing before the district court would be ordered. Hoisanger responded by filing with the court reporter a written request for the reporter's record. He also filed with this Court a motion to proceed "in forma pauperis," i.e., as an indigent.

Although the court reporter has now filed the reporter's record, the district clerk has not yet filed the clerk's record. Instead, the district clerk has again informed this Court that Hoisanger has not requested the clerk's record. The district clerk has further informed us that the district court has held no hearing on Hoisanger's indigence and that "it appears none has been requested or scheduled."

When the appellant is indigent, as Hoisanger claims to be here, the failure to make arrangements for the clerk's record does not authorize the dismissal of an appeal.[1] If Hoisanger is indigent, he is entitled to a free record on appeal.[2] And it is the district court that must determine whether Hoisanger is indigent.[3] Accordingly, we abate the appeal and remand the cause to the district court for a determination of Hoisanger's indigence.[4] If the district court determines that Hoisanger is indigent, we further direct the district clerk to prepare and file the clerk's record. A supplemental clerk's record containing the district court's findings on indigence shall be filed no later than September 15, 2016.[5] The clerk's record, if Hoisanger is found to be indigent, shall be due September 30, 2016.

---

[1] *See* Tex. R. App. P. 37.3(b).

[2] *See* Tex. R. App. P. 20.2.

[3] *See id*.

[4] *See* Tex. R. App. P. 37.3(a)(2); *see also Ex parte Abdulkadir*, No. 07-12-00145-CR, 2012 Tex. App. LEXIS 4785, at *1-3 (Tex. App.—Amarillo June 14, 2012) (per curiam order) (abating appeal of order denying motion for DNA testing under similar circumstances).

[5] Because the court below will determine Hoisanger's indigence, we dismiss Hoisanger's motion to proceed "in forma pauperis" as moot.

It is ordered on August 31, 2016.


Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed:   August 31, 2016

Do Not Publish